IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERALD WIZNER §<br>    Plaintiff, §<br> §<br>VS. §    Case No.<br> §<br>MAGELLAN MIDSTREAM §<br>HOLDINGS GP, LLC. §<br>    Defendant. § | |

**PLAINTIFF'S ORIGINAL FEDERAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Gerald Wizner ("Wizner" or "Plaintiff") and files this his Original Federal Complaint against Defendant, Magellan Midstream Holdings GP, LLC ("Magellan") and for cause would show the following:

## I.
## PARTIES

1. Plaintiff Gerald Wizner is an individual resident of the State of Texas.

2. Defendant Magellan Midstream Holdings GP, LLC is a Delaware Limited Liability Company authorized to conduct business in the State of Texas. Magellan Midstream Holdings GP, LLC's principal office is located at 1 Williams Center #28-4 Tulsa, Oklahoma 74172-0140. Magellan may be served with process by serving its registered agent Cogency Global, Inc. located at 1601 Elm Street, Suite 4360 Dallas, Texas 75201-3136 or wherever it may be found. Issuance of Citation for Service of Process on Magellan at the address and in the manner stated above is hereby requested.

## II.
## JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(4), and a right-to-sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on December 11, 2020.

5. This action properly lies in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## III.
## FACTS

6. On or about November 27, 2011, Wizner was hired by Magellan as a technician in Montgomery County. Wizner worked for Magellan at this location until April 7, 2020 when he was wrongfully terminated. Prior to his termination, Wizner was an exemplary employee of Magellan and had no disciplinary record.

7. On or about March 2, 2020, Wizner and other employees were called into an office by their supervisors and questioned about alleged racial derogatory comments. During the investigation, Wizner was asked numerous times if he had said certain comments to a Hispanic employee. Wizner repeatedly told the investigators that he made no such comments, which he had not.

8. On or about April 7, 2020, Wizner was asked to report to the front office by his supervisors. At this meeting, Wizner was informed that he was fired, that the termination was not open for discussion, and provided no further explanation.

9. Upon information and belief, Magellan intended to fire the Hispanic employee to whom the alleged racially derogatory comments were allegedly made prior to opening the investigation.

10. Magellan took this opportunity to protect itself over its employee, Wizner. Specifically, Magellan suspected that the Hispanic employee it intended to fire would file a Title VII lawsuit against Magellan, alleging, presumably, that Magellan allowed its employees to make racially derogatory comments in the workplace. To provide itself a defense in this anticipated lawsuit, Magellan conducted its "investigation" and ultimately terminated Wizner, a white employee. This investigation and termination of a white employee was an attempt by Magellan to provide itself with a defense to the anticipated race discrimination suit brought by the Hispanic employee. Such a termination is a violation of Title VII of the Civil Rights Act. *See e.g., Jones v. Ohio Dep't of Mental Health,* 687 F. Supp. 1169, 47 FEP 1106 (S.D. Ohio 1987), *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 115 FEP 1300 (6th Cir. 2012).

11. Magellan did in fact terminate the Hispanic employee and, upon information and belief, that employee has filed a lawsuit and/or has initiated the administrative process with the EEOC alleging racial discrimination.

## IV.
## CLAIM FOR RELIEF

**[Wrongful Termination Based on Race in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)]**

12. Plaintiff incorporates by reference the allegations contained in Paragraphs 6 through 10 above, as fully set forth herein.

13. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate

against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

14. Magellan discriminated against Wizner by terminating him from employment on the basis of his race.

15. Wizner's race was the determining factor and/or a motivating factor in Magellan's adverse employment action. Specifically, Magellan used Wizner's race and the allegations against him in an attempt to provide itself a defense in a separate anticipated race discrimination lawsuit.

16. As a direct, legal and proximate result of the discrimination, Wizner has sustained, economic and emotional injuries resulting in damages in an amount to be proven at trial.

17. Magellan's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Wizner's right to be free from discrimination based on race.

18. Wizner is entitled to his reasonable and necessary attorney fees and cost of suit.

## V.
## ATTORNEY FEES

19. Wizner is entitled to recover reasonable and necessary attorney fees against Magellan pursuant to 42 U.S.C. § 2000e-5(k).

## VI.
## CONDITIONS PRECEDENT

20. Wizner has met all conditions precedent sufficient to state the above-referenced claim.

## VII.
## TRIAL BY JURY

21.     Wizner herein requests a trial by jury for all issues triable thereby and hereby tenders the appropriate fee.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Gerald Wizner ("Wizner") prays that Defendant, Magellan Midstream Holdings GP, LLC be cited according to the law to appear and answer. Further, Plaintiff Gerald Wizner requests he be award damages against Magellan for:

(1)  lost wages, penalties and all other compensation denied or lost to Wizner by reason of Magellan's unlawful actions, in an amount o be proven at trial;

(2)  compensatory damages for Wizner's emotional pain and suffering in an amount to be proven at trial;

(3)  punitive damages in an amount to be determined at trial;

(4)  interest on lost wages, compensation, and damages, including pre and post judgment interest at the maximum rate allowed by law;

(6)  Wizner's reasonable and necessary attorney fees and cost of suit pursuant to 42 U.S.C. § 2000e-5(k); and

Plaintiff Gerald Wizner respectfully request that the Court award him all such other and further relief, whether at law or in equity, to which he is justly entitled.

Dated: March 11, 2021

Respectfully submitted,

MURRAH & KILLOUGH, PLLC

By: _____
Richard C. Killough
S.D. of Texas Bar No. 23582
Mike Belleville
S.D. of Texas Bar No. 3362944
Erica Dryden
S.D. of Texas Bar No. 3542904
3000 Weslayan St., Suite 305
Houston, Texas 77027
Tel: (281) 501-1601
Fax: (713) 588-8778
E-mail: rkillough@mktxlaw.com

**ATTORNEYS FOR PLAINTIFF GERALD WIZNER**